## LIVINGSTON v. LUCAS.

I. A defaulting witness, in a civil cause, may, upon *scire facias* excuse himself for his failure to attend in obedience to the *subpœna*, by his own oath.

ERROR to the Ciircuit Court of Montgomery.

HARRIS, for the plaintiff in error submitted the cause.

ORMOND, J.—The single question presented by the record is, whether a witness in a civil cause, against whom a judgment has been rendered for failing to appear in obedience to the *subpoena*, can, upon *scire facias*, be admitted as a witness, to excuse himself for failing to attend.

The statute, which imposes the penalty of one hundred dollars upon defaulting witnesses, contains a proviso, " that if sufficient cause be shown by the person so summoned, and failing to appear, of his or her incapacity to attend at the time and place mentioned in the *subpoena*, no forfeiture or penalty shall be incurred by such failure." [Clay's Dig. 599, § 2.]

It is, by no means, a forced construction of this act, that it was intended that the party might, by his own oath, excuse himself for his failure to attend in obedience to the *subpoena*. The penalty incurred is in the nature of a fine for the contempt of the

process of the court; and, as he is subpoenaed at the mere suggestion of the party desiring his testimony, it is certainly not unreasonable, that he should be allowed to excuse himself by his own oath for his omission, the more especially, as the omission may have been produced by causes known only to himself. This view derives strength from the fact, that the statute makes the witness liable, in addition to his forfeiture, to an action, at the suit of the party calling him, for the full damages which may have been sustained by the want of his testimony; and, in such action, he certainly could not be a witness for himself, but would be compelled to prove his excuse by indifferent testimony. Such has been the uniform construction put upon the statute, and that, of itself, would be sufficient, in a doubtful case, to cast the scale.

Let the judgment be affirmed.