## SHUTE & HACKETT v. McRAE, et als.

1. In a summary proceeding by motion against a sheriff, and his sureties, for the failure of the former to return an execution, an issue without regard to technicality, may be made up under the direction of the Court; and though the terms " not guilty" are not the most appropriate plea in such case, yet they are sufficient to throw upon the plaintiff the *onus* of supporting the allegations of his notice.
2. A sheriff may defend a motion against him for failing to make due return of an execution, proving that the execution was not supported by a judgment. But it will not avail him to show that the execution was returned after the day appointed, and quashed for some defect in itself alone.

Writ of Error to the Circuit Court of Pike.

THIS was a proceeding by notice and motion, under the statute, against McRae and his sureties, for the failure of the former to return a writ of *fieri facias* placed in his hands, as sheriff, to be executed. The defendant McRae pleaded not guilty ; that the execution mentioned in the notice, was returned by defendant to the court from which it issued, three days before the term to which the same was returnable ; that the execution on which the money is alledged to have been made, was after its return to the court from which it issued, quashed on motion of the defendant therein, and on that motion a judgment was rendered, which still remains in full force, &c. ; that the execution in question is not, nor ever was founded on any judgment whatsoever, but was issued without authority. The plaintiffs took issue on the second plea, and demurred to the others, but the demurrer being overruled, issues were joined on these pleas also. The cause being submitted to a jury, a verdict was returned for the defendant, and judgment was rendered accordingly.

BELSER, for the plaintiffs in error, cited 3 Stewt. Rep. 135; 4 Ala. Rep. 574, 541 ; 7 Ala. Rep. 156, 506.

BUFORD, for the defendants in error, cited 2 Bac. Ab. 740; 3 Ala. Rep. 132; 4 id. 572; 7 id. 154, 180.

COLLIER, C. J.—In cases like the present, the technical rules of pleading are not observed, but an issue is to be made up under the direction of the court trying the cause.   It is possible that words more appropriate to express a denial of the default with with which the sheriff is charged, might have been found, than the plea of "not guilty;" but these terms are sufficiently significant to throw upon the plaintiffs the *onus* of supporting the allegations of their notice.

The fourth plea noticed in the statement is unquestionably good.   It affirms that there was no judgment *whatever* in the case in which the *fieri facias* in question issued.   The emphatic terms of the plea, warrant no other inference than that the execution was issued without even the semblance of authority; and was consequently void.   If this were so, the process would furnish no defence to the sheriff for obeying its mandate, and the law would excuse him for disregarding it.

In respect to the plea which is stated as the third in order, our first impression was that it is good, but further reflection has persuaded us that it cannot be supported. ' That plea merely alledges that after the return of the *fi. fa.* the same was quashed, on motion of the defendants, and the order quashing the same was still in full force.   It must be intended from the frame of the plea that the execution was adjudged defective for some irregularity applying to itself alone, while the judgment was wholly unaffected.   If the objection to the *fi. fa.* reached to the judgment, it should have been explicitly stated, and cannot be inferred.   In this condition of the case, the vacation of the execution did not absolve the sheriff from the consequences of a neglect of duty.   If he had collected the money, as he should have done, the plaintiff's judgment would have entitled him to receive it, and the court would not have ordered it to be refunded.   This view is in harmony with our decisions, which permit a sheriff to object when charged with a neglect of duty in respect to an execution, that it was unsupported by a judgment, but deny to him

the right to justify himself, because of an irregularity in the execution.

The judgment of the Circuit Court is consequently reversed, and the cause remanded.