MACLIN ET AL. *vs.* WILSON.

1. The statute imposing a forfeiture on a defaulting witness (Clay's Digest, 599,
   § 21) of one hundred dollars, does not give the party summoning the witness
   any right to this sum, by way of satisfaction for the injury which he may
   have sustained ; but it is imposed as a punishment upon the delinquent, for
   his disobedience to the process of the court, and is bestowed gratuitously as
   matter of good policy, upon the party summoning him.
2. A defaulting witness may excuse himself, by showing that, in failing to attend,
   he was not guilty either of negligence or wilful disobedience ; and this should
   be the limit of the power of the courts below in allowing excuses.

3. Where the witness appeared in the court below, and rendered his excuse upon *scire facias*, and the bill of exceptions states that he "had been duly subpœnaed," it is not necessary that the subpœna should appear in the record, to enable the Appellate Court to consider the errors assigned.

ERROR to the Circuit Court of Talladega.
Tried before the Hon. EZEKIEL PICKENS.

RICE & MORGAN, for plaintiffs in error.
L. E. PARSONS, *contra.*

PHELAN, J.—Wilson was regularly subpœnaed as a witness for Maclin et al., who were plaintiffs in a suit pending against Reynolds. Judgment *nisi* was rendered against him as a defaulting witness; and being served with *scire facias,* he appeared, and rendered to the court on oath the following excuse, as extracted from the bill of exceptions: " That he had started from his house, on the day set for the trial of said cause, (plaintiffs v. Walker Reynolds,) to attend the court at last term, and testify as a witness for plaintiffs, according to the subpœna served upon him; but, on his way, he met with said Reynolds, who told him that he had just seen Hugh Darby, who told him that he had just come down from court, and that said cause would not be reached until next day; thereupon, said Wilson returned to his home, and on the next day came to court, in company with Reynolds, early in the morning before court was called, and found that the case against Reynolds had been tried the evening before; that he had attended court several days before, as a witness in said cause, and that he had no desire to avoid giving testimony; that there was no understanding to that effect with any person; that he intended no contempt of the court." He further stated, " that he would not have valued the negro in controversy as high as he was valued by the jury."

On this testimony, the court set aside the forfeiture, upon payment of the costs of the *scire facias*; and this action of the court is assigned for error.

The statute (Clay's Digest, 599, § 21) declares, that a witness who fails to attend, after having been duly subpœnaed, " shall pay to the party at whose instance the subpœna issued one hundred dollars," but expressly reserves to such person

his right of action against the witness," for the full damages which may have been sustained for want of such witness' testimony."

Is this statute to be construed in such a manner as to give to the party summoning a witness any right to this sum of one hundred dollars, by way of satisfaction for the injury that may have been sustained? or, is it to be construed as imposing a punishment upon a delinquent, for his disobedience to the process of the court, and bestowed gratuitously upon the party, as matter of good policy? The latter I consider the true construction. The party is allowed, by express words of the statute, to recover, by action against the defaulting witness, full satisfaction for the injury sustained, notwithstanding the imposition of this penalty; and, therefore, to hold that he has any right to it in the way of satisfaction, would be to give him two satisfactions, or at least more than full satisfaction, for one and the same injury. Such a doctrine is opposed to the common rule of justice; and the language of any statute which is intended to establish it, should be clear and explicit.

But this statute calls it a " forfeiture," a " penalty." What is a " forfeiture ?" a " penalty ?" Something imposed as a punishment for an offence or delinquency. So, this penalty is imposed upon the defaulting witness, for his delinquency in not obeying the command of the law, contained in the process of the court requiring him to appear and give testimony. The law lends her process, her subpœna, to the party, to compel the witness to attend. If he disobeys this command, does he offend against the party, or against the law? Against the law only, which utters the command: "We command you;" the State commands you. The party to the suit has no such power.

This penalty then, I take it, is imposed as a punishment upon the defaulting witness, for his contempt in disobeying the process of the court; and the party upon whom it is bestowed, takes it as a mere gratuity from the State.

The statute declares, that the witness may relieve himself from this forfeiture or penalty, by showing "sufficient cause" of his incapacity to attend, &c. We have already decided, that the witness may show cause by his own oath. Livingston v. Lucas, 6 Ala., 147. How far is any court restricted in

the exercise of its power, in admitting excuses under this act? The words of the act seem very stringent, when they say that the witness must show "an incapacity to attend," &c. This cannot mean a strict physical incapacity, it seems to me; because that would be inconsistent with the idea that it is an act of contempt for its process, which the law means to punish, for that is an act of the mind.

We think it a reasonable construction of this statute to hold, that a witness may excuse himself by showing that, in failing to attend, he was not guilty either of negligence or wilful disobedience; and this should be the limit of the power of the courts below, in allowing excuses. In the case at bar, the witness was manifestly guilty of negligence. He was not justified in neglecting to proceed to court at the time he did, because he was told by the defendant in the case that another person had told him that the case would not be reached that day for trial. To allow such a rule to prevail, would open a door for excuses too wide to consist with the public interest and the dispatch of business in the courts.

Where the witness appeared in the court below, and rendered his excuse upon *scire facias*, and the bill of exceptions states that he "had been duly subpœnaed," it is not necessary that the subpœna should appear in the record, to enable this court to consider the errors assigned.

The judgment is reversed, and the cause remanded.