Sasnett v. Weathers et al.

21  673
139  505

## SASNETT *vs.* WEATHERS ET AL.

1. Trespass will not lie for an act done under a process which is valid on its face, and which regularly issues from a court of competent jurisdiction; but if the court which issued the process had no jurisdiction, it is void, and furnishes no protection either to the officer executing or the court issuing it.
2. A justice of the peace has no jurisdiction to render judgment for costs against the defendant in the preliminary proceedings had before him upon a charge of felony.

ERROR to the Circuit Court of Randolph.
Tried before the Hon. EZEKIEL PICKENS.

TRESPASS by the plaintiff in error against Weathers, Burson and Pricket. The bill of exceptions shows that a charge of felony was preferred against Sasnett and one Kirkland; whereon the preliminary proceedings were had against them before three justices of the peace, and they were bound over to appear at the next term of the Circuit Court; but the grand jury refused to find a true bill against them. The justices also rendered judgment against them "for all costs;" and Weathers, who was one of the three justices, issued execution on this judgment, against the defendants, for "fifty-four dollars, the amount of costs adjudged against them," &c. This execution was levied by Burson, as constable, on the property of the plaintiff in error, who brought trespass for the injury.

The court charged the jury, that the plaintiff could not recover in this form of action, the process not being void; to which charge plaintiff excepted, and he now assigns it for error.

J. W. GWINN, for plaintiff in error.

No counsel for defendants.

CHILTON, C. J.—This was an action of trespass, brought against the justice of the peace who issued an execution and the constable who levied it, by the party whose property was seized under it.

The rule is, that trespass will not lie for an act done under a process which is valid on its face, and which regularly issues from a court of competent jurisdiction; but if the court which issued the process had no jurisdiction, then it is void, and furnishes no protection either to the officer executing or the court issuing it. Watson on Sheriffs, 55; Sewell on Sheriffs, 100–1; 11 Mass. R. 500; ib. 507; 8 ib. 79; 2 Strobh. Rep. 3; 9 Ala. 931.

In the case before us, the justice had no jurisdiction to render judgment for cost, and consequently no authority by law to issue an execution for it; and the process being void, both he and the constable are liable for any injury which is the immediate result of it.

The judgment must be reversed, and the cause must be remanded.