# Bradford *v.* Boozer.

*Action to recover Statutory Penalty for cutting Trees.*

1. *Pleading and practice; when general affirmative charge improperly given.*—Where a cause is tried upon an agreed statement of facts, from which it is open to the jury to draw an inference favorable or unfavorable to either of the parties to the suit, the general affirmative charge should never be given in favor of either party.

2. *Judgment; does not justify trespass committed under it; when void.*—The judgment of a court, which is void for want of jurisdiction in the court which rendered it, will not justify a trespass committed under the authority of such judgment, even though the writ showed such void judgment to be regular upon its face.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This action was brought by the appellant, T. H. Bradford, against the appellee, J. B. Boozer.

The complaint contans two counts. The first count sought to recover the statutory penalty for cutting a certain number of trees. The second count sought to recover damages for trespass. The record does not show what pleas were filed.

The cause was tried upon an agreed statement of facts, in which the following facts were admitted: The plaintiff owned and had possession of and title to the lands described in the complaint for a number of years prior to and during the year 1901, and until the trial of the cause. The defendant went upon said land on Decem-

[Bradford v. Boozer.]

ber 2, 1901, at the time alleged in the complaint, and cut fourteen oak trees and seventeen hickory trees. On September 20, 1901, the plaintiff warned the defendant not to go on his land, and never thereafter gave his consent for him to do so. At the May term, 1901, of the commissioners court of Marengo county, the defendant made an application to establish a private road across the land of the plaintiff, described in the complaint. The court granted the order and appointed viewers for the establishment of the road; the viewers made their report, which was confirmed, and the damages assessed were paid into court by the defendant. Thereupon the defendant received the notice authorizing and instructing him to open the road as asked for and do all things authorized by the statutes relating to and governing the opening of private roads. After receiving this notice the defendant cut the said trees as above stated, in the road as marked out by the viewers. The order of the commissioners court establishing the said road was void; and the judge of the circuit court of Marengo county vacated and set aside said order establishing said road. Upon these facts the court at the request of the defendant gave the general affirmative charge in his behalf, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant, and the plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendant.

MILLER & HERBERT, for appellant.—In this case neither the record nor bill of exceptions shows that any pleas were filed. Hence it can only be presumed that the cause was tried under the general issue.—*Hatchett v. Moulton*, 76 Ala. 410; *Odum v. R. & J. R. R. Co.*, 94 Ala. 488.

The general affirmative charge should not have been given as requested by the defendant.—*White v. Farris*, 124 Ala. 469.

The plaintiff was entitled to recover under each of the counts of the complaint.—*Dothard v. Denson*, 72 Ala.

[Bradford v. Boozer.]

541; *Alexander v. White,* 69 Ala. 332; *Dothard v. Denson,* 75 Ala. 482; *Postal Tel. Co. v. Lenoir,* 107 Ala. 640.

CANTERBURY & GILDER, *contra,* cited *Tenn. R. T Co. v. Kavanaugh,* 101 Ala. 1; *Stein v. Ashby,* 30 Ala. 363; *Hayes v. Solomon,* 90 Ala. 520; *White v. McLean,* 124 Ala. 465; *Beatty v. Brown,* 76 Ala. 267; *Manly v. Turnipseed,* 37 Ala. 522.

DOWDELL, J.—The complaint in this case contained two counts; one for the statutory penalty for cutting trees, and the other for trespass. The record does not show what pleas were filed. The judgment recites that issue was joined, and a verdict in favor of the defendant was rendered. As a general proposition, in such case, it will be presumed that only the general issue was pleaded. —*Hatchett v. Molton,* 76 Ala. 410; *Odum v. R. & J. R. R. Co.,* 94 Ala. 488. But as an exception to this general rule when the bill of exceptions shows that the issue was on a special plea, and the cause was so treated and tried by the parties,—see *McLendon v. Grice,* 119 Ala. 513; *Brinson v. Edwards,* 94 Ala. 431; 1 Brick. Dig. 781, §§ 122-3. In the present case, the cause was submitted to the jury on an agreed statement of facts, and upon which the court, at the request of the defendant in writing, gave the general affirmative charge to find for the defendant, and to which the plaintiff duly excepted. It is immaterial whether we presume that the cause was tried on the plea of the general issue, or on a proper plea of justification, the result here would be the same, on the evidence contained in the agreed statement of facts.

Under the agreed statement of facts two inferences were open to the jury. One that the defendant cut the trees under the *bona fide* belief and claim that he had the right to do so under the order of the court; and the other, that his act was not under such *bona fide* belief and claim. If the former he was not liable under the first count in the complaint.—*White, McLane & Morris v. Farris,* 124 Ala. 461. If the latter, and the cutting was knowingly and willfully done, he would be liable.

[Bethea *et al.* v. Bethea.]

In such a case where the evidence is open to two infer-ences, one favorable and the other unfavorable, the gen-eral affirmative charge should never be given.

As to the second count, which was in trespass, the rule is well settled that the judgment of a court void for want of jurisdiction in the court to render the judgment, will not justify a trespass committed under it, even though the writ issuing on such void judgment be regular on its face.—*Albright v. Mills*, 86 Ala. 328; *Noles v. State*, 24 Ala. 672; *Sasnett v. Weathers*, 21 Ala. 673.

The court erred in giving the affirmative charge for the defendant, and for this error the judgment must be reversed and the cause remanded.

Reversed and remanded.