FORTNER *versus* FLANNAGAN and DRIVER.

SAME *versus* SAME.

QUESTIONS IN THIS CASE.

*Justification by an officer, in trespass against him for
    taking goods.*
*As to irrelevant charges requested of a Court.*

1. In trespass against a party and an officer, for illegally taking
   the goods of the plaintiff; the officer, (no objection appearing
   to be made against the legality of the execution,) may justi-
   fy alone on the process under which he has acted.
2. Where, in such case, under the plea of justification, filed by
   both the party and the officer, instructions were asked, gene-
   rally, of the court, which, if given, would have operated in-
   juriously to the officer--it was held, that the instructions should
   have been sought in reference to the particular party, to whom
   applicable; and, not being so requested, were irrelevant; and
   the court was not bound to respond to them.

This was an action of trespass, in Madison Cir-
cuit Court, prosecuted by the plaintiff in error,
against the defendants, for illegally taking into their
possession a horse of the plaintiff.

The defendants plead, jointly, not guilty, and jus-
tification.   The justification relied on was, that the
taking had been had under an execution, issued from
the office of one of the justices' Courts of that coun-
ty, and directed to Flannagan, (one of the defendants,)
as a constable; and, in which Driver was the plain-
tiff, and Fortner the defendant.

After the rendition of the judgments, before the
justice of the peace, against Fortner, upon one of

3 v. P.                    33

which the execution issued, an appeal was granted him, and he signed blank bonds, with one Anyon as his surety, which were left with the justice to be filled. The justice, being persuaded that Anyon was not solvent, refused to send up the appeal; and, in consequence, the execution was levied.

The position was sought to be established, by Fortner, in this action, that the consent of the justice, to grant the appeal, upon the security of Anyon's bond, was conclusive, and the taking of the property, afterwards, by the constable, a trespass, both in the officer and the party; and the Court was asked to charge, accordingly: but the Court held, and so charged, that the execution was a sufficient justification to the officer: and verdict and judgment were entered for the defendants; and a writ of error taken here.

The cause being decided on one point alone, renders it unnecessary to present a more full history, in this statement.

Argued by *Craighead*, for the plaintiff in error, and by *Thornton* and *McClung*, for the defendants.

SAFFOLD, C. J.—The action was trespass, *vi et armis*, brought by Fortner, against the present defendants, for taking and carrying away the plaintiff's horse. The defendants pleaded, in short, not guilty, and justification—to which the plaintiff, in like manner, joined issue. A trial was had, in which a verdict and judgment were rendered for the defendants.

The matters insisted upon, as erroneous, by Fortner, arise out of a bill of exceptions, taken on the trial—the material parts of which are the following: Flannagan, as constable, sold the horse at public sale,

under an execution, in favor of Driver, against the plaintiff, Fortner—Driver being present at the sale, and refusing to take, in satisfaction, bank notes, but requiring specie. The horse, worth sixty-five dol·lars, was sold for about thirty.

The defendants gave in evidence, as their justification, a judgment rendered by Bracken, a justice of the peace, in favor of Driver, against Fortner, for forty-nine dollars, debt, &c.; and an alias execution, issued thereon; which latter had been received by Flannagan, for collection, and by him levied on the horse.

The plaintiff then proved, by the magistrate, that on the next day after the judgment was rendered, he produced, before the magistrate, one Anyon, as his surety, and claimed an appeal from the said judgment and others, rendered between the same parties, at the same time; that the justice accepted Anyon, as security, in all the cases; was proceeding to draw appeal bonds, in the other cases, when it was agreed between the justice and Fortner, that the latter and Anyon, as his security, should place their signitures and scrolls to blanks, to be filled up, afterwards, by the justice: that this course was taken in respect to this judgment and others—the blanks, with their signatures and scrolls, being left with the justice.

The magistrate further deposed, that on receiving the blanks, he granted appeals, in this and all the other cases; but that, on the same day, he had previously issued executions, in consequence of Driver's affidavit, then made before him—that after allowing the appeal, and before Fortner and his security retired he had granted to Fortner, a written order, under his hand and seal official, directed to Flannagan,

informing him, the appeals had been taken, and commanding him to deliver up the property levied on. Objection being made, by the defendants, to the admissibility of this order, as evidence, when offered by the plaintiff, the Court excluded it from the jury.

The magistrate also stated, that after granting the appeals, the blank bonds were filled up by him, pursuant to the verbal understanding—[at what precise time, was not stated]—that, after Fortner and his surety had left, on the information of respectable persons, he, (the magistrate,) became dissatisfied with the sufficiency of Anyon, as surety; in consequence of which, on the same day, he issued a written notice to the officer, requiring him to summon Fortner to appear before him forthwith, to give other security—which notice appears to have been produced as evidence, with the officer's return thereon: but, which the clerk states, is not on file in his office. The plaintiff objected to this summons, as evidence; and, on its admission, excepted.

It also appears, that on the day of granting the appeal, the magistrate informed Driver and Flannagan thereof: that, on the third day thereafter, he informed said Driver, the plaintiff, that the surety was insufficient, and he should not send up the appeal: that, on the last day of the five allowed for appealing, Fortner tendered another person, as surety, whom he also refused, considering him insufficient; and that, for want of other and sufficient security for the appeal, the magistrate issued the *alias fi. fa.* on which the levy and sale were made.

This being all the evidence material to be noticed, the Court, thereupon, charged the jury, that, as it did not appear, that the blank bonds were filled up

before the magistrate discovered the insufficiency of the surety, it was unnecessary to decide, whether or not the one in question was sufficient, as an appeal bond : that the magistrate was the judge of the sufficiency of the surety ; and, if he discovered the insufficiency before he filled up the bond, it was lawfor him to require other and sufficient security ; and, if not given, to renew or re-issue execution : that, even if the appeal had been regularly granted, the execution was a justification to the constable, it not being competent for him to decide upon the validity of the appeal : that if the appeal had been regular, and Fortner aggrieved by the course taken by the magistrate, it was incumbent on him to assert his appeal by *mandamus,* or other proper process, and his remedy for damagos was against the magistrate—to all which the plaintiff excepted.

The plaintiff then moved the Court to instruct the jury, that, if they believed the facts to be as above stated, the plaintiff was entitled to recover, on the ground, that, after the magistrate had granted the appeal, he had no further power over the case ; that the execution was void, and those acting under it, trespassers. But this instruction, the Court refused to give, otherwise, than as qualified by the instructions as above stated—to which, also, the plaintiff excepted.

The Circuit Court is charged to have erred—

1st. In excluding from the jury, the order of the magistrate, to the constable, for the restoration of the property.

2dly. In permitting to be read, as evidence, the summons to Fortner, to give other security.

3dly. In giving the instructions to the jury, as stated, and refusing to instruct otherwise, as requested.

I decline a separate consideration of either of the two first assignments, as above stated, or any other points presented by the record, except the third assignment. The necessary consideration of this, and the remarks which I shall incidentally use, in relation to it, will supersede the necessity of any further examination of either of the others.

It is to be observed, that no objection is made to the form or substance of the execution, on which the levy and sale of the property were made: it appeared fair and legal on its face. It was from an officer, competent to issue such an one, and for a sum within his jurisdiction.

Neither, in reference to any evidence offered by the plaintiff, or any objected to by him, when offered by the defendants, was any motion or proposition made by the plaintiff, to separate, or in any way distinguish the liability of the two defendants in the action. The benefit of the same evidence and the same instructions, was claimed, as against them both—notwithstanding Driver appeared, from the evidence, to be plaintiff in the judgment and execution, and Flannagan, the ministerial officer, charged with the execution of the process.

I take the principle to be well established, that in trespass, against two or more defendants, one may be convicted and damages assessed against him, and another may be acquitted: that, consequently, evidence may be introduced against one, which is altogether inadmissible against the other: that a charge to the jury may be proper and necessary, in relation

to one, which would be inapplicable and erroneous, in reference to another: and that, in such cases, the party offering the evidence or asking such instructions, must shape his proposition with the necessary discrimination between the defendants. If the judge cannot respond affirmatively to the motion as made, he is not bound to answer it in a modified form, but, is at liberty to refuse it, until modified by the party.

Then, should it appear, on further examination, that the execution in this case was, alone, a sufficient justification to Flannagan, the constable, whether it was issued on any subsisting judgment or not, (as was the opinion of the Circuit judge,) it necessarily results, that all the proof relied upon, and the instructions requested by the plaintiff below, were irrelevant in respect to the former. That, the instructions, as requested, if given generally, against both defendants, would have tended to the injury of Flannagan, and have been erroneous.

In the examination of this case, the fact, that the pleas and issue are in short, creates some embarrassment, in as much as one of the defendants was the plaintiff in the execution, and the other only the constable, who served it. The rule in such cases, is to treat such pleas as if formal and perfect, for the object imported by their title. Then, the plea of justification in this case, must be considered as if drawn out with the proper averments, and those only which are necessary to the defence of each defendant. If the law be, that the same facts were not necessary for the justification of both, the defendants must be considered as having pleaded, severally, such only as were necessary to the justification of each.

We must, in this view of the case, consider the

FORTNER *vs.* FLANNAGAN and DRIVER..

justification of Driver, he being the plaintiff in the execution, as averring the facts, that he had, at the time of the seizure of the property, a subsisting judgment against the present plaintiff; and that the execution legally issued thereon — the defence of Flannagan, the constable, as resting alone on the ground that he held an execution, purporting to be legal, and from a competent officer.

The authorities recognise this difference in the justification of the party and the officer. It is held, " that if an officer plead separately, under a writ of *fi. fa.* or other process, he need not state the judgment, on which the writ was founded; but, if he join in the plea with the plaintiff in the former action, and the judgment be not stated, the plea will be bad as to both the defendants, unless the plaintiff in the former suit, justify merely in aid of the officer. But this rule does not apply, where the objection to the plea is merely an account of surplussage.[a]

In the case of *Barker* vs. *Brahan* et al.[b] the Court of C. B. said, they were all of opinion, that trespass, *vi et armis*, would lie against an attorney and his client, who had caused an arrest by color of a *capias ad satisfaciendum*, against an administratrix, when it had not been suggested, or been made to appear, that she had been guilty of any *devastavit*, which alone could have rendered such process legal. They considered persons standing in such relation to the proceedings, responsible for the existence of a judgment, on which execution could legally issue. But they remarked, at the same time, that a " sheriff, or his officers, or any, acting under his or their authority, might justify themselves, by pleading the writ only, because that was sufficient for their excuse, al-

though there was no judgment or record, to warrant such writ." The same principle was recognised in *Baker & Knapp* vs. *Miller*.[a]

Thus, it appears, that the order of restitution of-[a 6 Johns. Rep. 195.] fered in evidence and rejected, was inadmissible, at least against the officer : that the instructions, as requested, would have been erroneous, in reference to him : and, that the charge, as given, when applied to both defendants, extended their liability as far as the law permits. Whether Driver alone, was subject to a conviction under any or all the evidence offered or received, was not made a question. The Court expressed no opinion on this point, nor was any requested. The Court is only bound to decide questions, in the manner and form in which presented.

Another view might be taken of the case, which would perhaps lead to the same result—it is, that the execution in this case, has never been superseded or set aside, or the judgment in any way vacated, by the order or judgment of any tribunal.

The appeal appears ultimately to have been disallowed by the magistrate. Whether, by reason of the acts and declarations of the magistrate, it could have been sustained, as an appeal, or, whether he was authorised, within the five days, in the exercise of his discretion, and on his own responsibility, to reverse his earlier determination, for the cause assigned, and deny the appeal, unless other security, which he deemed sufficient, were given, are questions worthy of consideration. But, that the Court was authorised to determine them *incidentally*, in the action of trespass, for the supposed tort, without any prior ad-

3 v. P. 34

judication, vacating the judgment or superseding the execution, I am, by no means, prepared to say. In as much, however, as an examination of this principle is unnecessary to the present decision, I decline it.

The other objections mentioned, are considered quite decisive of the case, and fatal to the action.— We are of opinion the judgment must be affirmed.

In the other case, between the same parties, for a similar cause of action, under like circumstances, the views which have been advanced in the foregoing, are equally decisive, and fatal to the plaintiff's right of recovery. Without reiterating either the facts or reasons, it is sufficient, to say the judgment must be affirmed.

HOPKINS, J., not sitting, in this case.