# COGBURN AND POWELL v. SPENCE AND ELLIOTT.

1. The bankrupt act of 1841, does not restrain a creditor of one, who has availed himself of its benefits, from suing on his demand, but merely arms the bankrupt with a complete defence to the suit, until it is shown that his certificate was obtained by fraud, or that the debt comes within some one of the exceptions, mentioned in the act.

3. If a creditor of one, who has taken the benefit of the bankrupt act, has reduced his debt to judgment, before the bankrupt obtains his certificate of final discharge, he will not be compelled to bring a new suit on the judgment, but may cause execution to issue thereon, subject to be set aside or quashed on the application of the bankrupt.

3. An execution, issued on a judgment, which has been rendered against a bankrupt, before he obtains his certificate of final discharge, is not void, but voidable only, at the instance of the bankrupt.

4. An execution, which is voidable only, and not void, affords full and ample protection to the officer, who obeys its mandate.

5. A voidable execution, until avoided, is a protection to the party, at whose instance it issued, and was executed.

Error to the Circuit Court of Talladega. Before the Hon. Geo. W. Stone.

This was an action of trover, instituted by plaintiffs, against the defendants in error, to recover damages for the conversion of a wagon, four mules and a horse. By the bill of exceptions, it appears that in 1840, Sims, Nolen, and Wes-

son, recovered a judgment against Cogburn, one of the plaintiffs, and one Conner, upon which an execution issued in 1844, for the use of Elliott, and was, by direction of Elliott, levied by Spence, then sheriff of Talladega county, on the above named property. It further appears, that the said property, at the time of the levy, belonged to plaintiffs, and was in the possession of Cogburn, and that in 1842, Cogburn was declared a bankrupt, and received a certificate of discharge as such, which fact was made known both to Spence and Elliott, the defendants, when the levy was made.

The court charged the jury, in substance, that the facts above set forth, if they believed them all to be true, were not sufficient to maintain the action, to which the plaintiffs excepted, and now assign it as error.

L. E. PARSONS, for plaintiffs in error.

1. The decisions are conflicting as to the effect of a discharge in bankruptcy. In New York, it is *prima facie* an extinguishment; and the judgment creditor must bring an action of debt, so that the bankrupt may plead his discharge. Baldwin v. Tillson, 1 Denio, 621. And this court has decided, that where an execution has issued, it may be superseded, and the discharge set up in that proceeding. Mabry et al. v. Herndon, 8 Ala. 864. It has also been said, in reference to this question, that "there are cases where there are several remedies." Comstock v. Grout, 17 Verm. 515; and it is insisted that such should be the decision of this court.

2. The rule contended for is this: that as to all judgments in existence at the time of the discharge, the plaintiff be required to give the bankrupt notice, in the nature of a *sci. fa.*, to show cause why he should not have execution generally, or specially, because of certain specified liens. As to suits brought after the discharge, the act provides, "it shall and may be pleaded," &c. This rule would protect the rights of both parties; for unless the discharge was obtained by fraud, or the debt is of a fiduciary character, or there be liens, the plaintiff has no right to an execution; and the bankrupt has the right to be protected against the issuance of void process. Is there not a distinction between a discharge by matter of record, and by matter *in pais*? The latter may be pleaded,

or not, as the debtor thinks proper; but the former, is already of record, and is notice to the world. The most plausible argument on the part of the defence is, that the sheriff must obey the mandate of the writ, because it is the mandate of the court. If the above view is correct, it is not the mandate of the court, and the sheriff therefore is not bound to execute it. Graham and Taylor v. Chandler, at this term; 5 Stew. & Por. 237; 7 Ala. 660; 11 ib. 431; 13 ib. 459.

3. But however the doctrine may be ruled on the foregoing point, the court clearly erred in charging, "this action could not be maintained against the defendant Elliott," who, as appears by the record, "ordered and procured the issuance of the levy and execution, and with actual notice of the discharge of Cogburn."

RICE & MORGAN, contra.

1. The bankrupt is entitled to the intended benefit of the bankrupt law—relief from the debt, whether reduced to judgment or not. Comstock v. Grout, 17 Verm. Rep. 514; Mabry et al. v. Herndon, 8 Ala. Rep. 858.

2. The certificate in bankruptcy does not make the judgment or execution of a state court, void by judgment of court, but voidable merely, like a release of a debt. The district court of the United States, does not possess the power, by a mere decree in bankruptcy, to render void the judgments and executions of state courts against a bankrupt.

3. Where a bankrupt is imprisoned under *ca. sa.* from a state court, at the time he obtains his certificate, the certificate does not make the imprisonment void, but voidable merely, like release of a debt. 17 Verm. Rep., above cited; Aldrich v. Aldrich, 8 Metc. Rep. 102.

4. The certificate is not an absolute discharge, but only a discharge *sub modo.* It is not a discharge from fiduciary debts, nor from torts; although it is issued in general terms, it leaves it to the bankrupt to avail himself of it, so far as the law has made it an effective discharge. Wilmarth v. Burt, 7 Metc. Rep. 261; Matter of Tibbetts, 5 Law R. 259. Nor is it a discharge from the lien of a judgment or attachment acquired before the application for a discharge. 9 Sm. & Marsh. 9; 10 ib. 348.

5. Although the bankrupt may have his certificate in his pocket, and show it to the officer, in the amplest form of a full and complete discharge from all his debts, yet by operation of the very law under which it was granted, it may be no discharge of any debt. Fraud invalidates such a certificate. Mabry et al. v. Herndon, 8 Ala. Rep. 848; Wilmarth v. Burt, 7 Metc. Rep. 260.

6. The law has provided appropriate modes, by which the bankrupt may secure to himself, the intended benefit of his discharge. If he does not avail himself of such modes, he loses the benefit of the certificate—not because of any fault of the law, but because of his own fault, ignorance or negligence. Thus, if a suit is pending against a bankrupt, at the time he obtains his certificate, and he fails to plead it, and suffers judgment to be rendered against him, he is by such failure, precluded afterwards from availing himself of the benefit of that discharge, as against that demand. When the certificate is obtained, after judgment, still, it must be pleaded —that is, *audita querula* or *supersedeas* must be resorted to. 8 Ala. Rep. 857, 858.

7. If, before the certificate is obtained, a judgment is had against the bankrupt, and he has no opportunity to plead his discharge, then, under the English practice, he was entitled to the writ of *audita querula*—and as *supersedeas* is regarded in Alabama as the substitute for *audita querula*, the bankrupt in this state is entitled to the *supersedeas*—the object of which, is to restrain the proceedings upon a judgment, until some matter of discharge, arising after judgment, can be presented in some issuable form to the plaintiff in the judgment; and the effect of the *supersedeas*, if decided favorably to the defendant in the judgment, is to have his discharge from the judgment entered of record. Lockhart v. McElroy, 4 Ala. Rep. 572; Comstock v. Grout, 17 Verm. Rep. 514; McDougald and Reid v. Talbot, 5 Ala. Rep. 810; Lister v. Mundell, 1 Bosanquet & Puller's Rep. 428; 35 Law Lib., t. p. 325, marg. p. 428.

8. In every case, the certificate must be pleaded, or it must be tendered, so that an issue may be made on it, either before, or after judgment, (8 Ala. Rep. 857, 858,) so that the opposite party may join issue on its validity.

9. The officer arresting a bankrupt, has no power to discharge him. The court itself (issuing the process under which the arrest was made) will not discharge him, without giving the party arresting, time to show that the certificate was fraudulently obtained. A sheriff is bound to arrest a bankrupt, or levy, if the process is regular on its face, and issued from a court having jurisdiction of the subject. 35 Law Lib. t. p. 325; Sherwood v. Benson, 4 Taunt. 631; 7 Metc. R. 261, above cited; 8 ib. 106, above cited; 17 Verm. Rep. 514; 8 Ala. Rep. 858; Robb v. Powers, 7 Ala. Rep. 658; Stewart v. Ray, 4 Iredell's Rep. (Law) 269; Tarlton v̇. Fisher, Douglass's Rep. 650.

DARGAN, J.—When this cause was first submitted to the court, I was of opinion that the action could be maintained on the evidence contained in the record. Subsequent reflection however, aided by the argument of counsel, has satisfied me that the law is otherwise.

1. The bankrupt act does not intend, nor in any manner undertake to restrain a creditor, who has a cause of action against a bankrupt, from suing him, although the bankrupt may have obtained his final certificate of discharge. It only gives the bankrupt a complete defence against the cause of action when sued.

The language of the act, to be found in the fourth section, is, " And such discharge, and certificate, when duly granted, shall in all courts of justice, be deemed a full, and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act, and shall be, and may be pleaded, as a complete bar to all suits brought in any court of judicature whatever; and shall be conclusive evidence of itself, in favor of such bankrupt, unless impeached for fraud, &c."

That the whole scope of the act, was to furnish the bankrupt with a complete defence to suits brought against him, is still more apparent, from the fact, that the certificate is not a bar, if the debt is of a fiduciary character, or if the discharge be obtained by fraud.

The act therefore, only intends to arm the bankrupt with

a perfect defence, against all debts discharged by the certificate obtained, in pursuance of the act.

The creditor may however, sue on his demand, otherwise he could not dispute the *bona fides* of the certificate, and the bankrupt must rely on his certificate in bar of the suit.

2. But if the demand of the creditor was reduced to judgment, before the certificate was granted, the act does not compel him to bring an action of debt on the judgment, in order to test the question, whether the certificate of discharge is a bar to his demand, or not; and as he is not compelled to sue again on his judgment, he may proceed with his suit, as it stood before the certificate was granted, and issue his execution, at the risk however, of having to set it aside, or quashed, by an application to the court on the part of the bankrupt.

This seems to be the natural construction of the act, and accords with decisions made upon this subject.

In the case of Mabry, et al. v. Herndon, 8 Ala. Rep. 848; an execution issued against a bankrupt, who had obtained his certificate; he filed his petition for a *supersedeas*, and set up his certificate in bar of the execution, and prayed to have it quashed, and the levy made by virtue of the suit, set aside.

The plaintiff impeached the certificate for fraud, and filed specific allegations, of what the fraud consisted. This court held, that the plaintiffs might make up the proper issues, in bar of the motion to quash the writ, and thus try the validity of the certificate; indeed, all the decisions, both English and American, hold that the creditor, who has obtained a judgment before the certificate of discharge is obtained, may sue out execution afterwards, and the remedy the bankrupt has, is to move the court to set it aside.

3. There being then a judgment, to which there are proper parties, and upon which the plaintiff may proceed, until arrested by the act of the bankrupt, the execution issued thereon is not absolutely void, but voidable only; *that is*, it is a valid writ *until* the bankrupt shows it to be erroneous. Tarleton v. Fisher, Douglas's Rep. 646; 7 Metc. 247; 8 ib. 103; 2 W. Black. Rep. 1190; 1 Bos. & Pull. 426; 4 Taunton, 631.

4. The execution being voidable only, and not void, it af-

fords a full and ample protection to the officer, who merely obeys the mandate of the law in executing it. The books not only abound with decisions to this effect, but I have found no case that holds a contrary doctrine.

5. It is however urged, that though the writ may protect the sheriff, it cannot afford protection to Elliott, for whose use it was issued, and who directed the levy to be made. The correct rule on this subject, is, that if the writ is voidable only, and not void, it will afford to the officer executing it, full protection. It also affords protection to the party issuing it, until it is avoided.

6. When the defendant has caused it to be set aside, or annulled, as erroneous, then the party issuing the process, is responsible, for all the injury resulting to the defendant, from its execution. 4 Wharton, 339 ; 7 Metc. 257 ; 2 Douglas, 671.

7. It has, however, been urged, with much force, that this construction of the bankrupt act, will, or may frequently deprive the bankrupt of that full protection, intended to be secured to him; for if the writ is voidable only, and not void, and the sheriff should sell before it is set aside, the title of the purchaser would be complete, and thus the defendant divested of his property, when he has a full discharge from the debt. The answer must be, that the act designed to furnish the bankrupt with a full defence against all his debts, save those excepted by the act, and if before he has had an opportunity to make this defence, he has been injured by the act of the plaintiff, through the medium of the process of the court, the law will give him redress by way of ;damages, after he has shown to the court that the process is erroneous, and has obtained a judgment setting it aside.

Whether a purchaser, would obtain, however, a title to property sold under process that is voidable, after it has been set aside, or under what circumstances, if any, his title would be held defective, it is unnecessary to enquire.

The ruling of the circuit court was in conformity to the view here taken, and the judgment must be affirmed.

COLLIER, C. J.—I concur with my brother DARGAN, that an action cannot be maintained against a plaintiff in execu-

tion at the suit of the defendant, though the execution was *voidable*, or perhaps in some cases *void*, for an injury resulting to the latter, by its enforcement, until the process has been avoided. Whether, and under what circumstances, the defendant can maintain an action in the case of *voidable* process, after it has been set aside, is a question which does not now arise in judgment, and I leave it to be considered when it shall be directly presented for decision.