# WILLIAMS *vs.* IVEY.

[ACTION FOR ASSAULT AND BATTERY AND FALSE IMPRISONMENT.]

1. *Distinction between counts in trespass and case.*—The forms of complaint prescribed in the Code, (p. 554,) "for assault and battery," and "for false imprisonment," are both in trespass.

2. *Amendment of complaint after demurrer sustained* —Under the Code, (§ 2255,) if plaintiff amends his complaint, after the court has sustained a demurrer to the original, and proceeds to trial on the amended complaint, he does not thereby waive his right to assign as error the judgment on the demurrer, unless the record shows that, in consequence of the amendment, he sustained no injury by that judgment. (Overruling *Sheppard v. Shelton*, 34 Ala. 652, and limiting *Stallings v. Newman*, 26 Ala. 300, to cases commenced before the Code.)

3. *Error without injury in admission and subsequent withdrawal of evidence.* The erroneous admission of evidence, which is afterwards withdrawn from the jury, and which they are expressly instructed by the court not to regard for any purpose, is, at most, error without injury.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. NAT. COOK.

THIS action was brought by Elijah Williams, against Samuel Ivey, to recover damages for an assault and battery, and for false imprisonment. The original complaint contained two counts, which were identical with those in the case of Reason Williams against Ivey, page 244. The circuit court sustained a demurrer to the complaint, for a misjoinder of counts; holding, that the first count was in trespass, and the second in case. The plaintiff then amended his complaint, by striking out the first count; and a trial was had on issue joined on the plea of not guilty to the second count. During the trial, as the bill of exceptions shows, the defendant read in evidence the deposition of one Jordan. The plaintiff moved the court to suppress the answer of this witness to the third direct interrogatory, on the ground that it was not responsive to the interrogatory, and reserved an exception to the overruling of his objection. "After the argument to the jury was closed,

and the court had charged the jury, the defendant asked leave of the court to withdraw from the jury the answer of the said Jordan to the third direct interrogatory, and the court allowed him to do so; and the court specially instructed the jury, that said answer was withdrawn from them, and was no evidence before them, and that they must not look to said answer as evidence for any purpose; to which action and ruling of the court the plaintiff also excepted." The sustaining of the demurrer to the complaint, the rulings of the court on the evidence, and the refusal of a charge requested by the plaintiff, are the matters now assigned as error.

J. KEISTER, for the appellant.

BAINE & NESMITH, contra.

A. J. WALKER, C. J.—Both counts of the complaint were in trespass, as was decided by this court in the kindred case of *Reason Williams v. Ivey*, at the present term. The court erred, therefore, in sustaining the demurrer for misjoinder of counts.

[2.] This error was not waived, by the plaintiff's amending and proceeding to trial. Section 2255 of the Code secures the right of assigning the judgment on demurrer for error in such a case, unless the plaintiff has sustained no injury by the judgment in consequence of the amendment. The decision in *Stallings v. Newman*, (26 Ala. 300,) was made in a suit commenced on the 8th December, 1851, as we find by consulting the original record; and it was, therefore, not governed by the Code. Besides, in that case, the plaintiff probably sustained no injury from the ruling on the demurrer. Here, we cannot say that the plaintiff has not been injured. There are wrongs which might have been redressed under the second count, and yet could not have been proved under the first. The decision in *Sheppard v. Shelton*, 34 Ala. 652, was made upon the authority of *Stallings v. Newman*, our attention not having been called to the provision of the Code above stated; and

we do not regard it as a correct statement of the law as it exists since the adoption of the Code.

[3.] If there was any error in the admission of the answer of the witness Jordan to the third direct interrogatory, it was cured by the subsequent withdrawal of that evidence from the jury, and the explicit instruction of the court to the jury, that they must not regard it as evidence, and must not look to it as evidence for any purpose.—See the cases collected in Shepherd's Digest, 568, § 88.

The question raised by the refusal of the charge asked, may not again arise, and we do not deem it necessary to pass upon it.

Reversed and remanded.

[ACTION FOR ASSAULT AND BATTERY AND FALSE IMPRISONMENT.]

1. *Distinction between counts in trespass and case.*—The forms of complaint prescribed in the Code, (p. 554,) "for assault and battery," and "for false imprisonment," are both in trespass.

