## WOODALL *vs.* McMILLAN.

[TRESPASS FOR FALSE IMPRISONMENT.]

1. *Form of complaint.*—A count which avers that the defendant, "maliciously, and without probable cause therefor, caused the plaintiff to be arrested and imprisoned on a charge of perjury" is in trespass; and so is a count which avers that the defendant "falsely imprisoned plaintiff, and detained him in prison and custody, without any reasonable or probable cause therefor, contrary to law, and against his will.'

2. *Criminal jurisdiction of justice limited to county.*—A justice of the peace
has no authority, under our statutes, to issue a warrant for the arrest
of a person in his county, on an affidavit charging him with the com-
mission of a criminal offense in another county; such warrant, there-
fore, and all proceedings had under it, are absolutely void.

3. *Void legal proceedings admissible evidence in mitigation.*—In trespass for
false imprisonment, the void warrant of arrest, and proceedings had
under it, are admissible evidence in mitigation of vindictive damages.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. S. D. HALE.

THIS action was brought by John H. McMillan, against
Presley R. Woodall; and was commenced on the 6th Feb-
ruary, 1860. The original complaint contained only a
single count, claiming damages of the defendant " for
maliciously, and without probable cause therefor, causing
the plaintiff to be arrested and imprisoned on a charge of
perjury, for the space of twenty days" ; and a second count
was afterwards added, which claimed damages "for this—
that the defendant, on the 16th February, 1859, falsely im-
prisoned plaintiff, and then detained him in prison and cus-
tody, without any reasonable or probable cause therefor,
for the space of forty-eight hours then next following, con-
trary to law, and against the will of plaintiff." On the
trial, as appears from the bill of exceptions, the plaintiff
proved the affidavit made by the defendant to procure his
arrest, the warrant of arrest, and the proceedings had under
it. The affidavit was made by the defendant, before one
Samuel Hill, an acting justice of the peace in and for
Marshall county ; and charged the plaintiff with the crime
of perjury, in making a false affidavit before the register
of the land-office at Huntsville, in relation to the entry of
a tract of land. The plaintiff was arrested under a war-
rant issued by the said justice, and was carried before an
acting justice in Madison county, where a preliminary
examination was had, and the prosecution ended. The
defendant accompanied the constable who made the arrest,
and appeared on the trial before the justice as prosecutor.
The defendant read in evidence, without objection, the

affidavit made by the plaintiff before the register of the land-office at Huntsville, and adduced evidence showing that said affidavit was false, and that he himself was informed of these facts when he made the affidavit for the plaintiff's arrest ; and the plaintiff adduced rebuting evidence. "This being all the evidence, the court charged the jury, that said warrant of arrest was totally void, and of no effect ; that all action under it was void and illegal, and afforded no grounds for plaintiff's arrest and imprisonment, nor any excuse for acting under it ; that no probable cause for believing that plaintiff was guilty of perjury should be regarded by them as an excuse for acting under said warrant, or as a defense in this action ; that if they believed the defendant was in any way concerned in causing said warrant of arrest to issue, or in any way assisted to arrest or imprison the plaintiff under it, he was equally guilty with everybody concerned with said arrest and imprisonment, and they should find for the plaintiff, and pay no regard to any proof of probable cause offered by the defendant." The defendant excepted to the charge of the court, and he now assigns it as error.

GOLDTHWAITE, RICE & SEMPLE, for appellant.

A. J. WALKER, C. J.—The complaint in this case follows substantially the form prescribed by the Code, and is in trespass.—*Williams v. Ivey*, 37 Ala. 242, 244.

[2.] A justice of the peace, except in the few instances especially mentioned in our statutes, has no jurisdiction beyond the limits of his county. The justice for Marshall county had no authority to act upon the complaint of the defendant, on account of a crime committed in Madison, and issue a warrant for the arrest of plaintiff upon the charge of such crime. Therefore, the warrant under which the arrest of plaintiff was made, was void.

[3.] The affidavit, warrant, and proof of arrest under the assumed authority of the warrant, were matters proper for the consideration of the jury, in determining the ques-

tion of malice, and ascertaining the amount of damages. The evidence was entitled to consideration in mitigation of vindictive damages. The court erred in instructing the jury not to regard such evidence.—*Savage v. Gunter*, 32 Ala 467 ; *Williams v. Ivey, supra.*

Reversed and remanded.