# Johnson v. The State.

*Indictment for Resisting an Officer.*

73   21
112  54
73   21
120  356
120  358

1. *Warrant of arrest; when sufficient.*—A warrant of arrest issued by a justice of the peace for an assault and battery, which is signed by the justice with his name and the initials of his office, is directed "to any constable of the county," states the county in which it was issued, the defendant's name, and the offense charged by its general designation, conforms substantially to the requirements of the statute (Code of 1876, §§ 4651–2), and constitutes on its face a legal warrant.

2. *Same.*—The omission from such a warrant of the pronoun *me* after the word "before," in stating before whom the complaint was made, is a mere clerical misprision, and does not vitiate the warrant.

[Johnson v. The State.]

APPEAL from Marengo Circuit Court.

Tried before Hon. WM. E. CLARKE.

The indictment in this cause contains two counts, one charging the defendant with an assault and battery on George Carrington, and the other with resisting said Carrington, a constable of said county, while attempting to execute a warrant of arrest issued by Leon Napier, a justice of the peace, for an assault and battery. The cause was tried, and the defendant convicted of the offense charged in the second count. On the trial the prosecution was allowed to read in evidence, against the defendant's objection, a warrant of arrest in the following language:

"State of Ala., } To any constable of the county: Complaint Marengo Co. { on oath having been made before—, that the offense of an assault and battery has been committed, and accusing Wiley Johnson [the defendant] thereof: You are, therefore, hereby commanded to arrest Wiley Johnson and bring him before me.

Nov. 1st, 1882. L. NAPIER, J. P."

The court also instructed the jury that said paper was, on its face, a legal warrant, and authorized the said Carrington to arrest the defendant. To the ruling of the court in allowing the warrant to be read in evidence, and to the charge given, the defendant duly excepted.

E. McCAA, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—There was no error in admitting in evidence the justice's warrant, to which exception was taken, nor in the charge of the court, ruling that the instrument was on its face a legal warrant. It substantially conforms to the requirements of sections 4651 and 4652 of the Code of 1876. It contains the *name of the defendant;* a statement of *the offense* charged *by name; the county* in which it was issued; and was *signed* by the justice with *his name* and *initials of office;* and was directed "to any constable of the county," who must necessarily be a *lawful officer of the State,* within the meaning of the statute.—Code, 1876, §§ 4651-2; *Murphy's case,* 55 Ala. 252; *Brown's case,* 63 Ala. 97.

The omission of the pronoun *me,* after the word "before," is a mere clerical misprision, which, being readily supplied by inspection, does not vitiate the instrument. It must, therefore, be construed to be understood.

Affirmed.