# Counts *v.* Harlan.

## *Action on Forthcoming Bond.*

1. *Search-warrant ; forthcoming bond for property.*—In executing a search-warrant, the officer is required to take possession of the property therein described, and to carry it before the magistrate who issued the writ (Code, §§ 4005-21); and he has no authority to leave it with the person in whose possession it is found, taking a forthcoming bond for it.

2. *Same; validity and consideration of bond.*—If the search-warrant is void, the officer attempting to execute it is a trespasser, and the bond is without consideration to support it as a common-law bond; and this may be set up, in defense of an action on the bond, notwithstanding its recita s.

3. *Affidavit for search-warrant.*—An affidavit for a search-warrant, which states that the person making it "has lost seed-cotton, taken from off his farm, and he thinks it has been carried to the pens of M., P. and S. on C.'s farm, and that he has some small pieces of paper in the cotton with the figure 5 on them," does not show a statutory ground for issuing the writ (Code, §§ 4006-07); and if the warrant, following the affidavit, states only the same facts, it is void on its face, and the officer executing it is a trespasser.

[Counts v. Harlan.]

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Robert E. Harlan, suing for the use of Robert E. Cockburn, against John Counts and John C. Counts; and was founded on a penal bond executed by the defendants, conditioned as follows: "*Whereas*, a search-warrant [was] sworn out by R. E. Cockburn, before J. B. Hyatt, a justice of the peace, on the 14th November, 1882, to search the cotton of Mack Sims, Paddy Terry and Shannon, on Counts' farm, and the cotton was found in Mack Sims' cotton in the gin-house of John Counts; now, if the said cotton is forthcoming at the office of said J. B. Hyatt, at 10 o'clock, on the 16th November, 1882, then this obligation to be void," &c. The search-warrant was issued on the affidavit of said Cockburn, which stated " that he has lost seed-cotton, taken from his farm, and that he thinks it has been carried to the pens of Mack Sims, Paddy Terry and Shannon, on Counts' farm, and that he has some small pieces of paper in the cotton with the figure 5 on them;" and the warrant followed the words of the affidavit. The complaint set out the bond, and averred that, on the trial, the justice decided that the cotton belonged to said Cockburn; and that the defendants failed to deliver the cotton, or to have it forthcoming, according to the condition of the bond. The defendants filed two special pleas, each averring, in substance, that the bond was without consideration, illegal and void, because it was given to prevent the plaintiff from taking possession of the cotton, which was alleged to be the property of said John Counts, under and by virtue of the search-warrant, which was set out, together with the affidavit, and which was alleged to be void on its face. The plaintiff demurred to these pleas, and the court sustained the demurrer; and this judgment, with other rulings, is now assigned as error.

WM. COOPER, for the appellants, cited *Thrash v. Bennett*, 57 Ala. 156; *Duckworth v. Johnston*, 7 Ala. 578; *Sullivan v. Robinson*, 39 Ala. 613; *Meyer v. Hearst*, 75 Ala. 390; *Ripley v. Gelston*, 9 Johns. 201; *Wright v. Evans*, 53 Ala. 10; *Clinton v. Strong*, 9 Johns. 376; *Elliott v. Swartwout*, 10 Peters, 137; 57 Ill. 289; 5 Mees. & W. 65; 7 Wallace, 215; 26 N. Y. 12; 18 Md. 317.

J. B. MOORE, and JAMES JACKSON, *contra*, cited *Mead v. Figh*, 4 Ala. 281; *Braley v. Clark*, 22 Ala. 361; *Mitchell v. Ingraham*, 38 Ala. 399; *Cooper v. Peck*, 22 Ala. 406; *Rhodes v. Smith*, 66 Ala. 176; 32 Ala. 467; 10 Ala. 828; 3 Ala. 636; 18 Ala. 778; Herman on Estoppel, §§ 249, 250; *Robertson v.*

*Bradford,* 73 Ala 116; *Meredith v. Richardson,* 8 Ala. 837; *Adler v. Potter,* 57 Ala. 571.

SOMERVILLE, J.—The suit is on a forthcoming bond, payable to the plaintiff as constable, and conditioned to be void, upon the delivery up of a specified amount of seed-cotton found on the premises of one of the defendants, John Counts. The breach averred is the refusal to deliver this property. The constable was acting under process purporting to be a search-warrant, issued by a justice of the peace, which he desisted from executing upon the making of this bond. The main defense set up is the want of any consideration in the instrument.

It is not contended that the obligation has any validity as a statutory bond, for such a bond is entirely unauthorized by the statute. If the process under which the constable was acting, was not void, it was his duty to take possession of the property described, and to place it in the custody of the magistrate, subject to his orders as a court. He had no authority to leave the property in the possession of the person from whom it was taken, or to take a bond for its forthcoming.—Code, 1876, §§ 4005, 4021. The writing, then, can be good only as a common-law bond, if it possesses any legal validity at all.

We do not doubt that the process, under which the constable was acting, was void on its face, and that he was a trespasser in attempting to execute it. A search-warrant can issue only on probable ground, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched, all of which was substantially required at common law.—Code, § 4007. The only three grounds upon which it is authorized to issue are specified in section 4006 of the Code: 1st, to recover stolen or embezzled property; 2d, to recover property which may have been used as a means of committing a felony; 3d, to recover property which is in the possession of one with the intent of so using it, or of one to whom he may have delivered it for the purpose of concealment.—Code, § 4006.

Neither the affidavit, nor the magistrate's warrant, brings the case within any of these classes. The only averment or recital made is, that the affiant " has lost *seed-cotton, taken* from off his farm, and that he thinks it has been carried to the pens of Mack Sims, Paddy Terry, and Shannon, on Counts' farm, and that he has some small pieces of paper in the cotton with the figure 5 on them." A mere cursory inspection shows patent defects in the paper, which render the process void on its face. It conferred no authority, therefore, upon the constable,

[Counts v. Harlan.]

who became a trespasser in the execution of it.—*Noles v. The State*, 24 Ala. 672; *Cary's case*, 76 Ala. 78.

The case for consideration then, as made by the pleadings, is that of a mere trespasser, without legal authority, undertaking to seize the property of a citizen, and allowing him to retain possession of his own property, upon his executing a bond to have it forthcoming at a time and place stated. The argument is, that the defendants are estopped from showing by parol proof a want of consideration, because it contradicts the recital in the bond that the property is that of the affiant, who is the beneficial plaintiff in the suit, and that the defendant was allowed to retain the property on the faith of the execution of the bond.

The fact that the instrument is under seal does not preclude any inquiry into the existence of a consideration, as at common law; for the statute expressly authorizes a defendant, by plea, to impeach or inquire into the consideration of a sealed instrument, in the same manner as if it had no seal.—Code, § 2981. The bond in the present case, then, can stand on no higher ground than a non-negotiable simple contract in writing, or one not under seal. The rule as to such writings, when executory, is, that a want of consideration may always be proved, even by parol evidence, to show that the agreement has no binding force or efficacy.—1 Greenl. Ev. § 284. The recital of a consideration is only *prima facie* true between the parties, and may be rebutted.

A consideration is essential to every valid executory contract, and may be defined to be, "that which one party to a contract gives, or does, or promises, in exchange for what is given or done or promised by the other party."—1 Whart. Contr. § 493. We can perceive no element of a valuable consideration in this case moving from the plaintiff, who is the obligee of the bond. The property which he is about to seize is admitted, by the demurrers to the plea, to belong to the defendant, and not to the affiant, Cockburn. The plaintiff, then, suffered no detriment by desisting from its seizure, for by such an act he would have been a trespasser. He parted with nothing, and did not suspend or forbear a legal right, as he would have done had the process been valid. Permitting one to retain possession of his own property, with which he has never parted, on his promise to deliver it to a trespasser, who has no lawful right to take or seize it, is the plainest possible illustration of a promise void for want of any legal consideration.

There is no room for any estoppel to operate here, because no recital or admission has been made, nor any act done by the defendants, a denial or revocation of which will in any manner prejudice the plaintiff. Neither the legal rights nor the *status*

of the parties will be changed by the denial of the plaintiff's title to the property in question. The only act of the plaintiff, based on this admission, was the forbearance on his part to commit a trespass; and this is not such a consideration as will be recognized by law as conferring a legal right, or closing one's mouth against pleading the truth.

The pleas set up were a full defense to the action, and the court erred in sustaining the plaintiff's demurrer to them.

For this error the judgment of the Circuit Court must be reversed, and the cause remanded.