(104 So. 260)

**PHILLIPS et al. v. MORROW.** (4 Div. 128.)

(Supreme Court of Alabama. Nov. 6, 1924. Rehearing Denied May 14, 1925.)

**1. False imprisonment ☞23—Fact and incidents of imprisonment outside county material under counts for abuse of process.**

In action for unlawful arrest, fact and incidents of plaintiff's imprisonment outside county would be material evidence under appropriate counts for abuse of process.

**2. False imprisonment ☞7(3)—Process protecting officer.**

For process to protect officer executing it, court must have had jurisdiction of subject-matter and colorable authority to issue process, and latter must be in prescribed form or substantially so, and not void on face, but officer is not liable for acts in due execution of process voidable for mere irregularity.

**3. Criminal law ☞92—Distinction between jurisdiction of subject-matter and person as respects venue.**

Under Const. 1901, §§ 6, 143, and Code 1907, §§ 6278, 6694, 7140, 7227, 7519, 7588, as to venue in criminal cases, distinction exists between jurisdiction of subject-matter and person.

**4. False imprisonment ☞7(3)—Warrant not returnable to court within county where crime was committed held not void, so as to subject officer to liability for false arrest.**

Warrant, issued on verified complaint (Code 1907, § 7584), by circuit judge, authorized by section 7519 and Const. § 143, to issue warrant for arrest in another county for burglary (section 6415), alleged to have been committed therein (section 6278), and in form prescribed by section 7588, held not void, because not made returnable to proper officer or court within such county, as required by Const. § 6, and Code 1907, §§ 6282, 7225, but merely voidable for irregularity, and hence not basis of suit for false arrest and imprisonment against officer executing it.

Anderson, C. J., and Gardner, J., dissenting.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Action by Marion N. Morrow against Lon L. Phillips and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

See, also, 210 Ala. 34, 97 So. 130.

Ball & Beckwith, of Montgomery, and Sanders & Brunson, of Elba,. for appellants.

Plaintiff was not entitled to recover, and the affirmative charges requested for defendants should have been given. 15 C. J. 682; 32 Cyc. 532; Const. 1901, § 279; Acts 1920, p. 8; Code 1907, §§ 1483, 1500; 29 Cyc. 1367; Kavanaugh v. State, 41 Ala. 399; State v. Sanders, 187 Ala. 79, 65 So. 378, L. R. A. 1915A, 295; Harrington v. State, 200 Ala. 480, 76 So. 422; State v. Roberts, 203 Ala. 325, 83 So. 49; Kelly v. Moore, 51 Ala. 364. There was error in admission of evidence. W. U. v. Cleveland, 169 Ala. 131, 53 So. 80, Ann. Cas. 1912B, 534; Lay v. Postal, 171 Ala. 172, 54 So. 529; Walling v. Fields, 209 Ala. 389, 96 So. 471; Mattingly v. Houston, 167 Ala. 167, 52 So. 78.

Fleming & Yarbrough, of Enterprise, M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellee.

The warrant was void. Phillips v. Morrow, 210 Ala. 34, 97 So. 130; Const. 1901, §§ 6, 7, 142, 144; Code 1907, §§ 12, 7225, 7585; Thompson v. State, 106 Ala. 67, 17 So. 512; Wills on Juris. 113; 1 Chitty, Crim. Law, 176; 1 Bishop's New Crim. Proc. 22; 8 R. C. L. 98; Brown on Juris., 306.

THOMAS, J. The first appeal is reported as Phillips v. Morrow, 210 Ala. 34, 97 So. 130. In that trial the general affirmative charge was not requested for the defendants. In the last trial such affirmative instruction was requested in writing as to each count of the complaint, and was refused.

There was verdict and judgment for plaintiff, a motion for a new trial was overruled, and due exception reserved.

It should be stated at the outset that the effect of the first decision was that the warrant under which plaintiff was arrested and detained was void, and that the surety on defendant official's bond was not liable for punitive damages.

[1] The fact and the incidents of plaintiff's imprisonment without the confines of Coffee county would have been material evidence under appropriate counts for abuse of process. Wilson v. Orr, 210 Ala. 93, 97 So. 133; Walling v. Fields, 209 Ala. 389, 96 So. 471.

In Wilson v. Orr, supra, this court said that under a count declaring for a malicious arrest without probable cause and the general issue, the defendant could prove "the plaintiff was legally arrested by Wilson, and in doing so he used no unnecessary force." Under the written instructions requested by defendants as to each count of the complaint, we come to a reconsideration of the effect of the former decision, and its effect on the last trial. We have noted that on the former trial the general affirmative charge was not requested by the defendants. Such charges were requested on the last trial as to the several counts.

[2] It has been generally declared that in order that process may. afford protection to the executive officer executing the same (1) the issuing court must have had jurisdiction of the subject-matter. on which it acted in issuing said process (Edmunds v. State ex rel. Dodge, 199 Ala. 555, 558, 74 So. 965; Ferguson v. Starkey, 192 Ala. 471, 68 So. 348 [false imprisonment, against sheriff]; Brad-

ford v. Boozer, 139 Ala. 502, 36 So. 716; Spear v. State, 120 Ala. 351, 25 So. 46; Williams v. State, 88 Ala. 80. 7 So. 101; Albright v. Mills, 86 Ala. 324, 5 So. 591; Johnson v. State, 73 Ala. 23; Womack v. Bird, 63 Ala. 500; Murphy v. State, 55 Ala. 252; Young v. Davis, 30 Ala. 213; Sasnett v. Weathers, 21 Ala. 673; Kirksey v. Dubose, 19 Ala. 43; Fortner v. Flanagan, 3 Port. 257); (2) the court must have had colorable authority to issue the process in question (Ferguson v. Starkey, 192 Ala. 471, 68 So. 348; Noles v. State, 24 Ala. 672; Johnson v. State, 73 Ala. 21; Cary v. State, 76 Ala. 78; Collins v. State, 78 Ala. 433; Counts v. Harlan, 78 Ala. 551; Brown v. State, 109 Ala. 70, 87, 20 So. 103; Howard v. State, 121 Ala. 21, 25 So. 1000; Bradford v. Boozer, 139 Ala. 502, 36 So. 716; Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155); (3) the process must be in the prescribed form or be a substantial compliance therewith; and (4) the process must not be void on its face; and the officer does not become liable for his acts in a due execution thereof, because the process is merely irregular and voidable for such irregularity (Ferguson v. Starkey, 192 Ala. 471, 68 So. 348; Cogburn v. Spence, 15 Ala. 549, 50 Am. Dec. 140; Payne v. Governor, 18 Ala. 320).

The statute, coming to us unchanged from the Code of 1852, § 2284, meant this by the use of the words "is regular on its face and is issued by the competent authority." Wilson v. Sawyer, 37 Ala. 631; Clark v. Lamb, 76 Ala. 406; Spear v. State, 120 Ala. 351, 25 So. 46; Ferguson v. Starkey, 192 Ala. 471, 68 So. 348; Brown v. State, 109 Ala. 70, 20 So. 103; Baker v. Sparks, 202 Ala. 653, 81 So. 609; Ward v. Deadman, 124 Ala. 288, 26 So. 916, 82 Am. St. Rep. 172.

[3] Be it understood that, under sections 6 and 143 of the Constitution, and sections 6278, 6694, 7227, 7519, and 7588 of the Code of 1907, as to criminal jurisdiction of the circuit courts the exercise of that jurisdiction and the fixing of the place at which causes must be tried, the provisions of section 6 of the Constitution as to providing for a change of venue, those of section 7140 of the Code of 1907, dispensing with the necessity of allegation of venue and the regulation that on the trial it must be proved that the offense was committed in the county, a distinction exists and is observed as to the jurisdiction (1) of the subject-matter (Ex parte Lancaster, 206 Ala. 60, 89 So. 721, 18 A. L. R. 706; Ex parte State ex rel. Brooks, 51 Ala. 60; Kirby v. State, 62 Ala. 51); and (2) of the person. Davis v. State, 153 Ala. 73, 45 So. 154; King v. State, 16 Ala. App. 341, 77 So. 935; Higginbotham v. State, 20 Ala. App. 159, 101 So. 166.

[4] In the instant case there was no variance between the affidavit and the warrant, each paper correctly charging the crime of burglary in Coffee county. The affidavit and complaint was before an officer having jurisdiction to consider the affidavit and to issue the process thereon. Did the fact that a return thereof was contrary to statute render the issue of the warrant void? The law declared the proper return. Davis v. McCary, 100 Ala. 545, 13 So. 665; A. C. L. R. Co. v. Carroll, 208 Ala. 361, 94 So. 820; Pell City Mfg. Co. v. Swearingen, 156 Ala. 397, 47 So. 272; Relfe v. Valentine, 45 Ala. 286.

Pertinent to a consideration of this question (whether the warrant was void on its face or merely irregular), it should be observed that the early cases declared that if the court has jurisdiction "of a cause," and merely proceeds erroneously, an action does not lie against the party who sues out the process, or "the officer or minister of the court who executes the precept or process." The Case of Marshalsea, 5 Coke's Rep. 67, 76; Mills v. Martin, 19 Johns. (N. Y.) 7; Reynolds v. Orvis, 7 Cow. (N. Y.) 269; Reynolds v. Corp. of Doglass, 3 Caines (N. Y.) 267, 274. If the court had no jurisdiction of the cause, the whole proceeding was held to be coram non judice; and that an action would lie against the officer executing the process was the holding in Duckworth v. Johnston, 7 Ala. 578, 581; Crumpton v. Newman, 12 Ala. 199, 202, 46 Am. Dec. 251; Noles v. State, 24 Ala. 672 (10). It will be noted that in the last-cited cases the warrants conformed to the affidavits that charged no crime. In Craig v. Burnett, 32 Ala. 728, there was a lack of jurisdiction in the premises.

The subject of void and irregular process in criminal cases has often been considered by this court.

In Crosby v. Hawthorn, 25 Ala. 221, 228, the suit was against the affiant, the warrant was declared "informal, but not so wholly foreign from the scope and purview of the statutory offense, as to allow us, under the indulgence extended to such preliminary proceedings, to declare it absolutely void." This rule was followed in Brown v. State, 63 Ala. 97, a prosecution founded on affidavit and warrant from justice of the peace. It was declared that a complaint of the commission of a criminal offense is by the statute defined as an allegation that a person has been guilty of a designated public offense; and a warrant issued upon it is sufficient if it designates the offense by name or describes it, or if it employs terms from which the offense may be inferred. Such is the statutory rule which obtained when the instant warrant was issued and executed. Code 1907, §§ 7584, 7588. In Spear v. State, 120 Ala. 351, 25 So. 46, the offense charged, and held sufficient, was "the offense of carrying a concealed pistol." In Adams v. Coe, 123 Ala. 664, 26 So. 652, the suit was for false imprisonment against the party making the affidavit; held, a warrant for burglary is not void by the absence of recitation that

the breaking into the storehouse was accompanied by an intent to shoot or to commit a felony that was implied. So, also, the fact that property for use, etc., was kept in the store is not averred does not render the warrant void. See, also, Southworth v. United States, 151 U. S. 179, 14 S. Ct. 274, 38 L. Ed. 119.

The case of Stowers Furniture Co. v. Brake, 158 Ala. 639, 651, 48 So. 89, was a suit for trespass vi et armis and de bonis asportatis; it was "conceded" that the writ under which the constable professed to act was void on its face. The case of Stetson & Co. v. Goldsmith, 30 Ala. 603, was an action for suing out an attachment, and the writ was void on its face. Oates v. Bullock, 136 Ala. 537, 33 So. 835, 96 Am. St. Rep. 38, was a suit for false imprisonment against the party suing out the warrant, and there was no signature of the officer to the same; held to be a void warrant. The case of Withers v. Coyles, 36 Ala. 320, was not followed in Broom v. Douglass, 175 Ala. 281, 57 So. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155. The latter case will be considered presently.

In Rhodes v. King, 52 Ala. 272, the complaint was in trespass for maliciously, etc., causing the arrest and imprisonment of plaintiff; the warrant and affidavit set forth in the plea of justification was that "under false pretenses [defendant] obtained lint cotton of him." The statute was adverted to, section 3714 of the Code of 1867, which is the same as the present false pretense statute, section 6920 of the Code of 1907; held, the warrant was sufficient; "it need not set forth with the particularity required in an indictment," etc. In Woodall v. McMillan, 38 Ala. 622, the suit was for false imprisonment in causing a justice of the peace to issue a warrant (in the first instance) for the commission of perjury in a neighboring county; held, for such excess of jurisdiction and void process, the affiant causing the issue of same was liable for damages.

In Howard v. State, 121 Ala. 21, 25 So. 1000, the indictment was for resisting arrest; the warrant charged, as the offense, a threatened breach of the peace; held, "void," and that the person against whom it issued was under no legal duty to submit to arrest. And in Brown v. State, 109 Ala. 70, 87, 20 So. 103, a paper, issued and signed by a justice of the peace, directed according to the form prescribed for warrants of arrest, and reading, "Proof having been made before me that the offense of petit larceny has been committed, and that Will Brown is accused thereof; you are therefore commanded to arrest Will Brown, and bring him before me forthwith," was not void; that the officer to whom directed would not have been justified in refusing obedience to its mandate.

In the case of Heard v. Harris, 68 Ala. 43, 47, it is declared that where there was no lack of jurisdiction in the justice of the peace (shown on the face of the proceedings) to issue, mitimus not in accord with the statute was erroneous and irregular, and the officer executing same was not subject to an action for false imprisonment.

In Broom v. Douglass, 175 Ala. 270, 271, 273, 283, 57 So. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155, it was indicated that the liability of the executive officer was not that of a judicial officer. The averments of the warrant on which process issued are:

"* * * 'That Henry Broom [the plaintiff here] has threatened to trespass upon and occupy a certain parcel of land situated in this county, and known as the Dick Mitchell or Dick Bouldin place, of which affiant has the past two or three years been in possession under claim of ownership;' that on this affidavit the justice issued a warrant of arrest for said Broom; that Broom was arrested on this warrant and brought before the justice; that on the hearing of the cause the justice adjudged that said Broom should be committed to the county jail for 12 months, unless he gave a bond to keep the peace. * * *"

And the court there said of the affidavit:

"* * * We are of the opinion that the affidavit made before the defendant as a justice of the peace, though wholly insufficient to charge any criminal offense, or to justify the issuance of the warrant of arrest, nevertheless was clearly an attempt to charge a threatened criminal trespass on affiant's land. And, stating facts which were elements of that offense, and of legal significance and value in its proof, a colorable case was presented which fairly invoked the justice's judgment as to their sufficiency for the purpose intended. The issuance of the warrant was therefore a judicial act, involving his inquiry and affirmative conclusion as to his power and authority to do so, for which he cannot be held liable, if he acted in good faith."

In Ferguson v. Starkey, 192 Ala. 471, 473, 474, 68 So. 348, the action was against a sheriff for false imprisonment; the affidavit on which the warrants issued described the offenses charged as "violating the tick law quarantine," and violating the quarantine laws for live stock. Such was the charge or charges shown on the face of one of these warrants. The court said:

"Of such administrative regulations as the state live stock sanitary board is authorized to prescribe the courts do not take judicial notice, unless they are of such wide application and established duration as to have become a part of the common knowledge of well-informed persons at least. Georgia Pacific Ry. Co. v. Gaines, 88 Ala. 377, 7 So. 382; Haas v. Hudmon, 83 Ala. 174, 3 So. 302. We have no knowledge of stock law districts in Jackson county, nor of the specific rules and regulations enacted by the state board, nor of the localities in which such rules and regulations may be operative."

Concluding, the court there said:

"The general designations on the face of these warrants of the offenses for which they

have been issued were sufficient to show violations of law if rules and regulations of the state board were operative in Jackson county at the time. Whether such rules and regulations were in effect, and, if so, over what territory effective, and so whether warrants should issue as for violations of the statute, were questions to be determined by the issuing magistrate, and upon his determination the sheriff might safely rely. It follows that the complaint showed on its face no actionable wrong on the part of the sheriff, and that the demurrer to the several counts was properly sustained."

This should suffice to show that the holding on last appeal, that the process issued in this case was "invalid" and "void," was not in accord with the previous announcements of this court as to irregular and void process. If it be necessary to consider the general authorities on the subject, we may note that in his work on Public Officers, Mr. Mechem (sections 745, 768), said that it is the duty of the officer, in the exercise of his ministerial authority, to serve irregular or voidable process, regularly delivered to him for service, and not to sit in judgment upon the regularity of the proceedings upon which it is obtained; and in so doing he is protected by law in executing, according to the tenor of the process which is delivered to him for service, if it is "fair upon its face." The expression, "fair upon its face," is defined (Cooley on Torts, 460), as process "which proceeds from a court, magistrate, or body having authority of law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is *issued without authority*." (Italics supplied.)

We have sought to show, by the analogy to be found in our cases, that the warrant in question was not void, but merely irregular on its face in the return required to be made. It was issued (upon a verified complaint [Code 1907 § 7584], signed by an official) by the circuit judge having authority (Code 1907, § 7519; Const. § 143) to issue the warrant of arrest for the defendant in another county for the crime of burglary (Code 1907, § 6415), alleged to have been committed therein (Const. § 143; Code 1907, § 6278; Strain v. Irwin, 195 Ala. 414, 70 So. 734; Thornton v. State, 211 Ala. 238, 99 So. 838). It was in the form prescribed in section 7588 of the Code of 1907; and should have been made returnable to a proper officer or court within the county where the crime was alleged to have been committed. Const. § 6; Code 1907, §§ 6282, 7225; Ex parte Lancaster, 206 Ala. 60, 89 So. 721, 18 A. L. R. 706; Strain v. Irwin, 195 Ala. 414, 70 So. 734; Woodall v. McMillan, 38 Ala. 622.

The irregularity was in respect to the required return, an error of judgment of the circuit judge issuing the same which did not render the warrant void as stated in the former opinion. Phillips v. Morrow, 210 Ala.

34, 36 (1), 97 So. 130. To this extent that opinion is not in conformity to the foregoing constructions by this court of warrants or process that were void or merely voidable or irregular, which have been made the basis of suits for false arrest and imprisonment and resisting lawful arrests.

The affirmative charge, requested in writing by the defendants, as to counts 4, 6, and 9 of the complaint, should have been given— the same declaring for wrongful and unlawful arrest and imprisonment of the plaintiff.

It should be said that it is insisted, and was adverted to in the former opinion, that the provisions of the statute, section 5871 of the Code of 1907, related only to justification under process regular on its face, and is the only declared rule of justification in the premises. It should be observed, of that statute, that it was of force and effect during the time of the rendition of most of the authorities we have cited, and at the time of the decision in Ferguson v. Starkey, 192 Ala. 471, 473, 474, 68 So. 348. That statute found a place in the several Codes from 1856 to 1896, inclusive, under the title of "General Rules of Evidence," and was given a place in the Code of 1907 under the title of "Sheriffs," section 5871. It was an attempt to codify or more definitely state the general rule of evidence given statement in these decisions; and was, in effect, so treated in the authorities as we have indicated.

The instructions of the court in oral charges, to which due exceptions were reserved, showed the last trial proceeded on the assumption that said process was void and not merely irregular. In this there was error.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, SOMERVILLE, MILLER, and BOULDIN, JJ., concur.

ANDERSON, C. J., and GARDNER, J., dissent.