## SOUTHWORTH *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 171.  Argued December 15, 18, 1893. — Decided January 8, 1894.

8283 complaints being made to a commissioner of a Circuit Court charging that number of persons with violating the provisions of Rev. Stat. § 5512, by fraudulently obtaining registration in Louisiana, that number of warrants were issued and delivered to the marshal.  6903 of the persons against whom the warrants issued were not found.  1380 were arrested, 77 of whom were held for trial, and the remaining 1303 on examination were discharged.  The commissioner presented his account to the court, claiming in each of the 8283 cases the fee of $10, allowed by Rev. Stat. § 1986 for " his services in each case, inclusive of all services incident to the arrest and examination."  The Circuit Court approved and allowed the claim only as to the 77 cases, and that was paid.  The commissioner

brought suit in the Court of Claims to recover a fee of $10, in each of the other 8206 cases. The government demurred to the petition, and it was dismissed. The claimant appealed from this judgment. *Held,*

(1) That the refusal of the Circuit Court to approve the account of the commissioner, though no bar to the recovery, might be a matter for consideration in respect to the good faith of the transaction;

(2) That the payment of the claim for the 77 cases conceded the sufficiency of the complaint on which, in each case, the proceeding was founded;

(3) That when a defendant was arrested and an examination held, there was a criminal case entitling the commissioner to a fee, although the examination resulted in a discharge;

(4) That when no arrest was made, and no examination took place, no case had arisen within the meaning of Rev. Stat. § 1986, entitling the commissioner to a fee.

THIS is an appeal from a judgment of the Court of Claims. The action was commenced by John P. Southworth on December 16, 1882, to recover the sum of $82,830, for services as a Circuit Court commissioner for the District of Louisiana. The petition alleged that during the year 1876, 8283 complaints were made to him as such commissioner, charging certain persons named therein with the violation of section 5512, Revised Statutes; that on such complaints the petitioner, as commissioner, duly issued warrants against the persons named, and delivered them to the marshal of the district; that of the persons named in these complaints and warrants 6903 were not found, and 1380 were arrested; that of those arrested 77 were held for trial, while the remaining 1303 were, on examination, discharged.

The complaints are stated to have all been in this form:

"UNITED STATES OF AMERICA.

"District of Louisiana, ⎫
Parish of Orleans.    ⎬

" ——, ——, having been duly sworn, each for himself, on oath says, that he is a citizen of the State of Louisiana, residing in and a qualified elector of said parish of Orleans, duly registered, and that his name appears as a registered elector or voter upon the registration books of said parish for the year 1876; and they further say, each for himself, that they have

made due and diligent personal inquiry for ——, registered upon the registration book, of the —— ward of the city of New Orleans, No. ——, and claiming to reside at No. —— —— street in said ward and city; and that said —— does not reside in said —— ward or parish of Orleans aforesaid; that therefore said ——, on or about the — day of ——, 187-, did fraudulently obtain registration as aforesaid in said ——, ward and parish as stated, as an elector in said ward and parish, contrary to the 21st section of act No. 155 of the session of 1874, of the general assembly of the State of Louisiana, and contrary to and in contravention of section 5512 of the Revised Statutes of the United States.

" Sworn to and subscribed on the — day of ——, 1876.

" JNO. P. SOUTHWORTH,

[L. s.]    " *United States Commissioner of the Circuit Court in and for the District of Louisiana.*"

The petition further alleged that the petitioner, as commissioner, made a docket entry of all the proceedings in each case, as required by law, including therein the title of the case with the name of the defendant, the drawing of the affidavit or complaint and the date of the same, the issuing of the warrant and its date, the return of the officer, the arrest and examination of the person charged in each case where an arrest was made, the number of oaths administered and affidavits filed, and that he also kept full and correct files in each case of all the papers therein, including affidavits, warrants, etc.; that he presented his account, duly verified by his oath, to the district attorney of said District of Louisiana, who submitted the same in open court to the District Court, and the court passed upon the same by approving the account as to the seventy-seven cases in which the persons arrested were held for trial, the amount of which was, as afterwards admitted, paid by the government, and disallowing and refusing to certify the same as to the other cases. It further alleged a presentation of his claim to the proper accounting

officers of the United States for settlement, and their refusal to allow the same.

A demurrer to this petition having been sustained, 19 C. Cl. 278, the plaintiff amended, by adding allegations to the effect that act No. 50 of the session laws of the general assembly of Louisiana, for the year 1874, required a registration of voters for the election in 1876, and showing in a general way the facts and circumstances which justified the commissioner, as claimed, in finding that there was probable cause to believe that offences had been committed, and in issuing the warrants.

A demurrer to this amended petition was thereafter filed and sustained, and judgment rendered dismissing the petition.

Pending the proceedings in the Court of Claims the petitioner died, and the suit was revived in the name of the present plaintiff, his executrix.

Section 5512, Revised Statutes, is in chapter seven of the title "Crimes." By section 1982 the commissioners, with other officers, are "authorized and required, at the expense of the United States, to institute prosecutions against all persons violating any of the provisions of chapter seven of the title ' Crimes,' " and by section 1986 the commissioner is " entitled to a fee of ten dollars for his services in each case, inclusive of all services incident to the arrest and examination."

*Mr. George A. King* and *Mr. Lewis Abraham* for appellant.

*Mr. Assistant Attorney General Dodge* for appellee.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

The magnitude of this claim is startling. If the fact be, as stated in the report of the Comptroller, attached as an exhibit to the petition, that these complaints were filed and warrants issued during the twelve days from October 26 to November 6, or at the rate of about seven hundred a day, as only one out of six of the persons named was ever found and arrested,

it is calculated to arouse a suspicion that these proceedings were not had in the due and orderly administration of criminal law, and with a view to the arrest and punishment of offenders, but rather for the sake of rolling up a pecuniary claim against the government, or from some other equally dishonest motive. But it does not follow that the demurrer was properly sustained or that the claim can rightfully be denied by reason of the mere suspicion of wrong. If there had been but a single case before the commissioner, and the proceedings in that, as stated, be sufficient to establish a valid claim against the United States, then the demurrer ought to have been overruled, for the mere multiplication of the cases, even into the thousands, does not, as a matter of law, disclose any illegality. The facts attending the prosecutions should be fully presented in order that the *bona fides* of the transaction may be determined. We pass, therefore, to consider the petition as though it alleged but one case before the commissioner, one complaint filed, one warrant issued, and one party arrested.

That the refusal of the court to approve the account is no bar to the action is settled by *United States* v. *Knox*, 128 U. S. 230, although such refusal may be a matter for consideration in respect at least to the good faith of the transaction. *United States* v. *Jones*, 134 U. S. 483.

It is insisted by the government that the complaint does not state an offence; that in consequence there was no foundation for the issue of the warrant, or for the subsequent proceedings, and hence that there was in law no case before the petitioner as commissioner. We quote from the brief this statement of the alleged defects:

"It is not alleged that the accused did register; nor that he had no lawful right to register; nor that the registration books upon which his name appeared were made for an election at which a Representative in Congress might be chosen; nor, indeed, for any election whatever.

"It is, of course, perfectly clear that the affiants do not pretend to swear, as to facts, that accused fraudulently obtained registration contrary to law, but merely to express

a conclusion from the fact of non-residence at a certain place."

It may be conceded that the offence is not stated with the fulness and technical accuracy required in an indictment, but we do not think that the complaint can be treated as an absolute nullity. In the seventy-seven cases in which the parties were arrested and held for trial it would seem that its sufficiency was conceded, for the account therefor was allowed and paid. While no estoppel is created by the act of the government in making such payment, yet it is significant as showing that no technical accuracy in a complaint is considered essential. Doubtless the defect in a complaint may be so great as to suggest a lack of good faith on the part of the commissioner, but it would be placing an undue burden on such officers to hold that their right to compensation rested on the fact that the offence was stated with such precision as to be beyond the reach of challenge. It is sufficient if the complaint is full enough to clearly inform the defendant of the offence with which he is charged. It was well said by the Supreme Court of Alabama, in *Crosby* v. *Hawthorn*, 25 Alabama, 221, 223:

"In preliminary proceedings of this nature, which are usually had before justices of the peace, technical accuracy cannot be expected, and is not required. It is sufficient, if, giving to the language employed its ordinary signification, the court may gather from it that an offence against the criminal law has been committed or attempted. If such proceedings were to be subjected to the rigid rules of criticism, and all the constituent elements of the offence sought to be investigated were required to be set forth in the affidavit or warrant with certainty, the administration of the criminal law would be greatly embarrassed, and offenders would often go unpunished, by reason of the hazard which the justice who issues, the party who procures, and the officer who executes the warrant for arresting them would incur. We must be content to gather the meaning of the party from the affidavit, and disregard the want of technical accuracy of description."

There can be no mistake as to what was intended to be

charged in this complaint. It in effect alleges that the defendant was registered upon the registration books of a named ward, and registered as claiming to reside at a given number on a particular street in that ward; that he did not reside in such place, or in the ward or parish of Orleans, and that, therefore, he was fraudulently registered in violation of a specified section of the statutes. Fraudulent registration is the crime charged, and charged with particularity of section, ward, residence claimed, and section of the statute violated. Whether a party arrested upon a warrant issued on such complaint could be discharged on *habeas corpus*, it is unnecessary to determine. *Ex parte Watkins*, 3 Pet. 193, 203. For it cannot be that a commissioner guarantees to the government the sufficiency of the complaint filed before him, and is entitled to no compensation if it be found defective. If he has proceeded in good faith to render services to the government, acting upon a complaint manifestly intended to charge an offence, and, the defendant having been arrested upon such complaint holding an examination, and rendering a judicial decision thereupon — in the language of the statute, "hearing and deciding on criminal charges," he is entitled to compensation. We conclude, therefore, that this affidavit is not so defective as to deprive the commissioner of a right to compensation for services rendered in good faith in the proceedings founded thereon.

It, of course, cannot be tolerated, in the absence of express language, that compensation is to be paid when the defendant is bound over for trial, and not when he is discharged. That when the defendant is arrested and examination held there is a "criminal case," is clear. *Counselman* v. *Hitchcock*, 142 U. S. 547; *United States* v. *Patterson*, 150 U. S. 65. That, unless there be an arrest and examination, there is no "case" within the meaning of section 1986 is equally clear. The amount allowed, ten dollars, precludes the idea that the mere filing of a complaint and issue of a warrant is sufficient. And the language of the statute is plain. The allowance is "for his services in each case, inclusive of all services incident to the arrest and examination."

It follows from these considerations that a cause of action was stated as to the 1303 cases in which there was an arrest, examination, and discharge of the defendant, and that the Court of Claims erred in sustaining the demurrer to this petition. Judgment will, therefore, be

*Reversed, and the case remanded, with instructions to overrule the demurrer, and for further proceedings in conformity to law.*