# ALLEN *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 192.   Argued January 29, 30, 1907.—Decided February 25, 1907.

Under § 1986, Rev. Stat., a commissioner of the United States is not entitled to any fees for drawing complaints or jurats thereto charging offenses under ch. 7, Title 70, Rev. Stat., unless the complaints are served; there is no case within the meaning of § 1986 unless there be an arrest and examination. The fee provided by § 1986 covers all services and unless earned the commissioner gets no other and is not entitled to compensation under § 847, Rev. Stat., which as well as §§ 823 and 828 are supplanted in this class of cases by § 1986.

Where the United States commissioner is also supervisor of election he is not entitled to compensation for certifying the complaints from himself in one capacity to himself in another capacity under § 2027, Rev. Stat.

When a commissioner applies on an account for an additional sum for services in which he has already been improperly allowed certain amounts, the United States may counterclaim for the amount already so allowed as an offset against the amount actually due the commissioner notwithstanding the approval of his account by the United States Circuit Court, "subject to revision by the accounting officers of the United States Treasury;" and, under § 1059, Rev. Stat., and § 1, Cl. 2 of the act of March 3, 1887, c. 359, the counterclaim may include payments made after the filing of the commissioner's claim.

26 Ct. Cl. 445, affirmed.

THE facts are stated in the opinion.

*Mr. Charles C. Lancaster,* with whom *Mr. Herbert E. Smith* was on the brief, for appellant.

*Mr. Assistant Attorney General Van Orsdel,* with whom *Mr. Philip M. Ashford* was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a claim made by a commissioner of the United States Circuit Court for services rendered between January 29, 1886,

and January 20, 1892, charges for which were disallowed by
the officers of the Treasury Department. It is necessary to
state only the items and matters now in controversy. Item 1,
so far as disallowed by the Court of Claims, is for drawing
complaints which charged offences under the Revised Statutes,
Title Crimes (70), ch. 7 (Crimes against the Elective Fran-
chise and Civil Rights of Citizens), and upon which warrants
never were served "because inquiry developed no offence had
been committed." The disallowed portion of item 2 is for
drawing jurats to similar complaints of which the same facts
were true. Item 11 is for certifying complaints for offences
under said ch. 7, the claimant being the chief supervisor of
elections, to whom he, as commissioner, certified the com-
plaints. Item 20 is for filing and entering similar complaints,
in civil-rights proceedings, where the warrants were returned
unexecuted by the marshal. Item 23 is for drawing depositions
for complaints in similar proceedings, where "no warrant
issued as the result of scrutiny of lists of voters by commissioner
and inquiries at residences." These are the disallowed claims
brought here by this appeal.

By Rev. Stats. § 1986, district attorneys and others men-
tioned are to be paid for their services under the provisions
for enforcing said ch. 7 "the same fees as are allowed to them
for like services in other cases." The sentence then goes on:
"and where the proceedings are before a commissioner he
shall be entitled to a fee of ten dollars for his services in each
case, inclusive of all services incident to the arrest and ex-
amination." It is established and admitted that this fee is not
earned (because there is not a "case" within the meaning of
the section), unless there be an arrest and an examination.
*Southworth* v. *United States*, 151 U. S. 179, 185; *S. C.*, 161
U. S. 639. And again, it is plain that the fee, when it is earned,
covers all services; as sufficiently appears from the contrast to
the allowance of the usual fees to others in the earlier part of
the same sentence and from the final words of the entitling
clause. These two propositions granted, it seems to us not

to need argument to conclude that unless the fee is earned the commissioner gets no other. This section having supplanted the usual provisions of §§ 823, 828, 847, for the cases to which it refers, cannot be held to leave open a resort to § 847 when the conditions attached to the substituted compensation are not fulfilled. This disposes of all items except 11, which stands on a different ground. As to that a few words are enough. By Rev. Stats. § 2027 it was the claimant's duty as commissioner to forward the original complaint, etc., to the chief supervisor for the judicial district. As he was supervisor as well as commissioner this section merely required a change in the character of his custody. No certificate was necessary, and if the complaints were certified it can have been only for the purpose of charging fees. But further, if that duty had been added to the others in connection with cases covered by § 1986, the mere fact that the addition was by a later statute would not break in upon the rule established by § 1986, that the compensation for all the services was entire.

The first item is not for the whole service of drawing the complaints. It admits the receipt of fifteen cents per folio and demands five cents more on the strength of cases decided after the claimant had been paid upon his former account. *United States* v. *Ewing,* 140 U. S. 142; *United States* v. *Barber,* 140 U. S. 164. These cases being decisions under Rev. Stats. § 847, are not in point. But, if that be in any way material, they had the effect of inducing the applicant to open his account. The present is called a new account in argument to be sure. But it is hard to conceive a more distinct opening than the demand of money in addition to sums received at the time as full payment for indivisible items. On the claimant's own view of his rights, there were not two charges for each folio, one for fifteen cents and another for five. He asserted one indivisible right on which he had been paid fifteen cents in full and he now says that that was not enough. The United States, by way of counterclaim to this attempt

to get·additional pay, demanded the sums already ˈpaid to the claimant contrary to the principle that we have laid down, and the Court of Claims allowed an offset of $3,120, found to have been paid by mistake, against the larger sum that it found due to the claimant. We see no reason to doubt the right of the United States, or the legality of its asserting that right by counterclaim. *Wisconsin Central R. R. Co.* v. *United States,* 164 U. S. 190; *United States* v. *Burchard,* 125 U. S. 176; *McElrath* v. *United States,* 102 U. S. 426. It is urged that the account was approved by the United States Circuit Court. The account was approved, "subject to revision by the accounting officers of the United States Treasury" only. On the findings on which the case comes before us this qualified approval has no weight. One portion of the counterclaim is for dates later than the filing of the claim. But, in view of the broad language of·the statutes ("all set-offs, counter-claims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever," Rev. Stats. § 1059, clause "second"; act of March 3, 1887, c. 359, § 1, clause "second"), we are of opinion that it properly was allowed with the rest.

The case was elaborately·argued at the bar, and is discussed at length in printed briefs. We have examined all the details of the latter, but do not deem it necessary to add more to the careful consideration that the case received in the Court of Claims.

*Judgment affirmed.*